IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Angelina Fitzgerald | § | |
| | § | |
| *Plaintiff* | § | Civil Action No.: |
| | § | |
| | § | 5:20-cv-1125-FB |
| | § | |
| *versus* | § | |
| | § | |
| | § | |
| | § | |
| Cottonwood Financial Texas, LLC, Debt Management Partners, LLC, and Capital Management Holdings, LLC | § | |
| *Defendant* | § | |
| | § | |

Plaintiff's First Amended Complaint

---

## Introduction

1. The Fair Debt Collection Practices Act was enacted to stop debt collectors from harassing, abusing, and making misrepresentations to and about consumers. Congress found that these practices led to the job loss, the number of personal bankruptcies, invasions of privacy, and marital disharmony.

2. The FDPCA requires debt collectors to properly identify themselves and prohibits debt collectors from using a false name. Further the Act considers an original creditor who

attempts to collect a debt in a name other than its own, a third-party debt collector.

3. Plaintiff amends this action adding two defendants and seeks actual damages, statutory damages, attorney's fees and costs for Defendants' violations of the FDCPA.

## Jurisdiction & Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Supplemental jurisdiction for Plaintiff's state law claims arises under 15 U.S.C. § 1367.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

7. Plaintiff, Angelina Fitzgerald, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

8. Defendant, Cottonwood Financial Texas, LLC is a Delaware Corporation whose primary business location is 1901 Gateway Drive, Suite 200, Irving, Texas 75038. It may be served with process via C T Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

9. Defendant, Debt Management Partners, LLC is a Delaware limited liability company whose primary business address is Suite 100 6400 Sheridan Drive, Williamsville, New York 14221. DMP may be served with process via Zdarsky, Sawicki & Agostinelli LLP its registered agent at 350 Main Street - Suite 1600 Buffalo, New York, 14202.

10. Defendant Elite Debt Brokers is an alias of Capital Management Holdings, LLC. CMH is a New York limited liability company with its principal place of business at 15 Nelson Ave #80325, Staten Island, New York 10308.

## Facts

11. Cottonwood operates as a credit access business. As a credit access business, it collects a fee for arranging for the extension of credit to consumers from third parties.

12. These loans are often at rates that would be considered predatory but are allowed under the credit access business rules contained in Chapter 393 of the Texas Finance Code.

13. Cottonwood operates its credit access businesses under assumed names, including, but not limited to "Cash Store" and "Cash ASAP."

14. When a Cottonwood borrower defaults on their obligation Cottonwood then sells the debt on the secondary debt market for pennies on the dollar.

15. Fitzgerald took out a personal loan from or through Cottonwood.

16. After allegedly defaulting on her obligation, Cottonwood sold Fitzgerald's debt to Debt Management Partners.

17. DMP is a clearinghouse for payday loans deemed uncollectable by the original creditors.

18. DMP holds on to the alleged debts it buys for not longer than 48 hours before placing it for collection with a network of unscrupulous collection agencies.

19. DMP has actual knowledge that the entities is places these debts with for collection use false threats of legal action, violence, and other intimidation tactics to coerce consumers into paying.

20. DMP placed the Debt with Elite Debt Brokers.

21. Fitzgerald then began to receive calls from a "Tracy Mendoza."

22. Mendoza did not identify her employer.

23. She gave Fitzgerald a case number and told her would soon be served with process at home and work.

24. Fitzgerald received this voicemail:

    This information is intended for Angelina Fitzgerald case number 97280. This is Tracy Mendoza contacting you

regarding an order that was submitted to my office this morning. I need to verify your address for service of process at your residence and place of employment. Miss Fitzgerald you have a claim that has been filed against you. At this point to have the opportunity to get in contact with the firm, who is handling your claims to discuss this matter. They can be reached at 866-578-1523 again your case number listed on the order again it's 97280. At this moment, Miss Angela L. Fitzgerald, you have officially been notified.

25. In reality no case had been filed and the case number provided is not in the format of any local court.

26. After being pressed to identify who she worked for "Mendoza" told Fitzgerald that she worked for "United" and was based in Irving, Texas.

27. The Texas Secretary of State does not have a bond on file for and entity containing the name "United."

28. Fitzgerald then continued her investigation and found that Cottonwood had sold her debt to DMP and that DMP placed the debt with EDB for collection.

29. The threats in the voicemail and the threats conveyed to her in phone calls caused Fitzgerald to suffer mental anguish and emotional distress in the form of anxiety, fear, humiliation, embarrassment, loss of appetite, and insomnia.

## First Cause of Action – Fair Debt Collection Practices Act

30. Capital Management Holdings, LLC d/b/a/ Elite Debt Brokers is a debt collector as defined by 15 U.S.C. § 1692a(6).

31. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

32. Fitzgerald is a consumer as defined by 15 U.S.C. § 1692a(3).

33. The Elite's calls are communications as defined by 15 U.S.C. § 1692a(2).

34. Elite Debt Brokers collection efforts violated the FDCPA in that:

    a. Placed calls without meaningful disclosure of the caller's identity in violation of 15 U.S.C. § 1692d(6);

    b. Made a false representation as to the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(a);

    c. Made a false representation that a communication was from an attorney in violation of 15 U.S.C. § 1692e(3);

    d. It threated to take an action it could not legally take or it did not intend to take in violation of 15 U.S.C. § 1692e(5); and

  e. Used a false representation or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

35. Debt Management Partners violated the FDCPA vicariously. It knows how EDB collects debts and placed the Debt with EDB specifically because of the illegal practices EDB employs.

36. DMP employed the same illegal practices to Fitzgerald's detriment as described in Paragraph 35. Fitzgerald realleges the same violations against Debt Management Partners.

## Second Cause of Action –Texas Finance Code Chapter 392

37. Fitzgerald is a consumer as defined by Tex. Fin. Code § 392.001(1).

38. The Debt is a consumer debt as defined by Tex. Fin. Code § 392.001(2).

39. Debt Management Partners and Elite Debt Brokers are third-party debt collector as defined by Tex. Fin. Code § 392.001(7).

40. Elite Debt Brokers' calls were acts of debt collection as defined by Tex. Fin. Code § 392.001(5).

41. Debt Management Partners and Elite Debt Brokers violated Chapter 392 of the Texas Finance Code by:

    a. Misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding in violation of Tex. Fin. Code § 392.304(a)(8);

    b. Representing that a consumer debt is being collected by an independent, bona fide organization engaged in the business of collecting past due accounts when the debt is being collected by a subterfuge organization under the control and direction of the person who is owed the debt in violation of Tex. Fin. Code § 392.304(a)(18);

    c. Using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer in violation of Tex. Fin. Code § 392.304(a)(19); an

42. Debt Management Partners violated Tex. Fin. Code § 392.306 by using Elite Debt Brokers, an entity that DMP actually knows of EDB's repeated or continuous violations of acts prohibited by Chapter 392 of the Texas Finance Code.

## Jury Demand

43. Plaintiff demands this case be tried before a jury.

## Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);
b. Statutory damages per 15 U.S.C. § 1692k(a)(2);
c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3);
d. Actual damages per Tex. Fin. Code § 392.403(a)(2); and
e. Attorney's fees, costs, and litigation expenses per Tex. Fin. Code § 392.403(b).

Dated: October 15, 2020         Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com